# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:11-CV-430-DSC

| | |
|---|---|
| BRIAN MINOCK, ) | |
| ) | |
| Plaintiff, ) | ORDER |
| v. ) | |
| ) | |
| PFAFF MOLDS LP, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Application for Entry of Default" (document #6), Defendants' "Motion for Summary Judgment" (document #9), and the parties' associated briefs and exhibits. (See documents ##7, 11 and 12).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636 (c).

Defendants did not file a brief in support of their Motion in violation of Local Rule 7.1(C). Defendants also failed to comply with the express directive of the Court's staff to file a brief. For these reasons, Defendants' Motion for Summary Judgment is <u>denied</u>.

Rule 55(a) of the Federal Rules of Civil Procedure provides that entry of default may be made "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...." The Fourth Circuit Court of Appeals has instructed that Rule 55 along with Rule 60, which provides for setting aside default judgments and final judgments, are to be "liberally construed in order to provide relief from onerous consequences of defaults and default judgments." <u>Tolson v. Hodge</u>, 411 F.2d 123, 130 (4th Cir. 1969).

Although their Answer was not filed in a timely manner, it is clear from the record that Defendants are participating in this litigation. Defendants have responded to Plaintiff's discovery

requests and participated in mediation. For these reasons, the Court in its discretion <u>denies</u> Plaintiff's "Application for Entry of Default."

The Court admonishes Defendants and their counsel that any further failure to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure <u>will</u> result in the imposition of sanctions. **Sanctions may include Defendants and/or their counsel being required to pay Plaintiff's costs, including reasonable attorney's fees, and <u>may also include entry of default and default judgment.</u>**

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Plaintiff's "Application for Entry of Default" (document #6) and Defendants' "Motion for Summary Judgment" (document #9) are **DENIED**.

2. The Clerk is further directed to send copies of this Order to counsel for the parties..

**SO ORDERED**.

Signed: July 16, 2012

David S. Cayer
United States Magistrate Judge